Jack Silver, Esq. SB 160575
JsilverEnvironmental@gmail.com
Law Office of Jack Silver
708 Gravenstein Hwy North, # 407
Sebastopol, CA 95472-2808
Tel. (707) 528-8175
Fax. (707) 829-0934

*Attorneys for Plaintiff*
CALIFORNIA RIVER WATCH

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALIFORNIA RIVER WATCH, an IRC Section 501(c)(3), non-profit, public benefit corporation,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>WASTE MANAGEMENT OF ALAMEDA COUNTY, INC.<br>　　　　　Defendant. | Case No.: 4:24-cv-01930-KAW<br><br>[~~PROPOSED~~] CONSENT DECREE |

# CONSENT DECREE

**WHEREAS**, California River Watch (hereinafter "CRW" or "Plaintiff") is an Internal Revenue Code § 501(c)(3) nonprofit, public benefit corporation organized under the laws of the State of California, dedicated to protecting, enhancing, and helping to restore the surface and ground waters of California including coastal areas, rivers, creeks, streams, wetlands, vernal pools, aquifers and associated environs, biota, flora and fauna, and to educating the public concerning environmental issues associated with these environs;

**WHEREAS**, Waste Management of Alameda County, Inc. (hereinafter "WMACI" or "Defendant") owns and operates the Davis Street Transfer Station at 1615 Davis Street in San Leandro, California ("Facility");

**WHEREAS** the Facility's industrial activities consist of a collection, processing and transfer facility for recyclables and a composting facility for green waste and food waste;

**WHEREAS,** storm water discharges associated with industrial activity at the Facility are regulated by the National Pollutant Discharge Elimination System ("NPDES") General Permit No. CAS000001 [State Water Resources Control Board], Water Quality Order 2014-0057-DWQ, and as amended in 2015 and 2018, for Storm Water Discharges Associated with Industrial Activities (Industrial General Permit), and the Federal Water Pollution Control Act, 33 U.S.C. § 1251 et seq. ("Clean Water Act" or "CWA"), Sections 301(a) and 402, 33 U.S.C. §§ 1311(a), 1342;

**WHEREAS**, Defendant's industrial activities at the Facility that are described above and that are subject to the Industrial General Permit ("subject industrial activities") may result in storm water discharges that include pollutants, into waters of the United States and are regulated by the Clean Water Act Sections 301(a) and 402. 33 U.S.C. §§ 1311(a), 1342;

**WHEREAS**, on or about April 8, 2024, CRW, through its authorized representative, issued a notice of intent to file suit ("60-Day Notice") to Defendant, its registered agent, the Administrator of the United States Environmental Protection Agency ("EPA"), the Executive Director of the State Water Resources Control Board ("State Water Board"), the Executive Director of the San Francisco Regional Water Quality Control Board ("San Francisco Water Board"), and the Regional Administrator of EPA Region IX, alleging violations of the CWA and Industrial General Permit.

**WHEREAS**, on December 17, 2024, CRW file a complaint against WMACI in the Northern District of California, Civil Case No. 4:24-cv-01930-KAW (Complaint);

**WHEREAS**, Plaintiff's Complaint alleged violations of the Industrial General Permit and CWA for Defendant's discharges of pollutants into surface waters, including the San Francisco Bay ("Receiving Waters");

**WHEREAS,** Defendant denies all allegations in the 60-Day Notice and the Complaint and reserves all rights and defenses with respect to such allegations and claims;

**WHEREAS**, Plaintiff and Defendant (collectively "Settling Parties" or "Parties") agree that it is in their mutual interest to enter into a Consent Decree setting forth terms and conditions appropriate to resolving the allegations set forth in the 60-Day Notice and Complaint without further proceedings;

**WHEREAS**, all actions taken by the Defendant pursuant to this Consent Decree shall be made in compliance with all applicable federal, state and local rules and regulations.

**NOW, THEREFORE, IT IS HEREBY STIPULATED BETWEEN THE SETTLING PARTIES AND ORDERED AND DECREED BY THE COURT AS FOLLOWS:**

1. The Court has jurisdiction over the subject matter of this action pursuant to Section 505(a)(1)(A) of the CWA, 33 U.S.C. § 1365(a)(1)(A);

2. The Parties hereby consent to Magistrate Judge jurisdiction in the United States District Court Northern District of California;

3. Venue is appropriate in the Northern District Court pursuant to Section 505(c)(1) of the CWA, 33 U.S.C. § 1365(c)(1), because the Facility at which the alleged violations are taking place is located within this District;

4. The Complaint states a claim upon which relief may be granted against Defendant pursuant to Section 505 of the CWA, 33 U.S.C. § 1365;

5. CRW has standing to bring this action;

6. The Court shall retain jurisdiction over this action for purposes of interpreting, modifying, or enforcing the terms of this Consent Decree, or as long thereafter as necessary for the Court to resolve any motion to enforce this Consent Decree, but only regarding issues raised within

the five (5) year term of this Consent Decree.

## OBJECTIVES

7. It is the express purpose of the Setting Parties through this Consent Decree to further the objectives of the Clean Water Act, and to resolve all issues alleged by CRW in its 60-Day Notice and Complaint. These objectives include compliance with the provisions of this Consent Decree, compliance with all terms and conditions of the Industrial General Permit, and compliance with all applicable sections of the CWA.

8. In light of these objectives and as set forth fully below, Defendant agrees to comply with the provisions of this Consent Decree, terms and conditions of the Industrial General Permit, and all applicable sections of the CWA for subject industrial activities at the Facility.

## AGENCY REVIEW AND CONSENT DECREE TERM

**Agency Review of Consent Decree**

9. <u>Agency Review.</u> Plaintiff shall submit this Consent Decree to the United States Department of Justice and the EPA (the "Federal Agencies"), within three (3) business days of the final signature of the Parties, for agency review consistent with 40 C.F.R. § 135.5. The agency review period expires forty-five (45) calendar days after receipt by the Federal Agencies, as evidenced by certified return receipts, copies of which shall be provided to Defendant. In the event that the Federal Agencies object to entry of this Consent Decree, the Parties agree to meet and confer to attempt to resolve the issue(s) raised by the Federal Agencies.

10. <u>Court Notice.</u> Plaintiff shall notify the Court of the receipt date by the Federal Agencies, as required by 40 C.F.R. § 135.5, in order coordinate the Court's calendar with the 45-day review period.

11. <u>Entry of Consent Decree.</u> Following expiration of the Federal Agencies' 45-day review period, Plaintiff shall submit the Consent Decree to the Court for entry.

**Effective Date and Term of Consent Decree**

12. <u>Effective Date.</u> The Effective Date of this Consent Decree shall be the date of entry by the Court.

13. <u>Term & Termination.</u> This Consent Decree shall terminate five (5) years from the

Effective Date.

## COMMITMENTS OF THE SETTLING PARTIES

14. Current and Additional Best Management Practices: In addition to maintaining the current Best Management Practices ("BMPs") described in the Facility's Storm Water Pollution Prevention Plan (SWPPP), Revised February 2024, Defendant shall (1) develop and implement the following BMPs identified herein at the Facility:

14.a. Within three (3) months after the Effective Date of this Consent Decree, WMACI agrees to initiate the housekeeping task of covering landscape materials located in the Earthcare Landscape Center portion of the Facility at least 12-hours prior to a QSE and for the duration of the QSE, to the extent feasible.

14.b. Before the 2025 wet season (i.e., October 15), WMACI agrees to deploy additional mechanical equipment, referenced in the December 23, 2023, Level 2 ERA update report, to increase litter and sediment removal from the Facility.

14.c. Within six (6) months after the Effective Date of this Consent Decree, WMACI shall submit to CRW electronically a Workplan for CRW's review and comment that contains WMACI's evaluation of potential Additional Advanced BMPs for the Facility, as referenced in the December 29, 2023, Level 2 Exceedance Response Action Technical Report Update. The Workplan shall identify which of the potential Additional Advanced BMPs WMACI intends to implement, an implementation schedule for implementation of those BMPs, and annual evaluation of performance of the Additional Advanced BMPs. Any changes or adjustments to the Additional Advanced BMPs shall be documented in Level 2 Exceedance Response Action Technical Report Updates, as required by the Industrial Stormwater Permit. The potential Additional Advanced BMPs that shall be evaluated in the Workplan are the following listed measures:

- Installation of additional detention areas and bioswales;
- Increased maintenance, watering and potential replanting of existing vegetation in bioswales, with planting designed to reduce specific pollutants;
- Conversion of several existing concrete lined detention areas and C3 treatment areas

into vegetated bioswales and/or sediment filtration areas;

- Evaluation of infiltration in areas not overlaying former subsurface landfill material;
- Re-grading to direct storm water away from known high-impact areas;
- Adding engineering controls to reduce soil and sediment track from incoming truck traffic.

**LITIGATION FEES AND COSTS**

15. <u>Attorneys' Fees and Costs.</u> Within thirty (30) calendar days after the Effective Date of this Consent Decree, WMACI shall pay CRW the sum of Fifty-Seven Thousand, Five Hundred Dollars ($57,500.00) as reimbursement for CRW's investigative and attorneys' fees and costs incurred, including any future costs and fees incurred by CRW in the implementation of this Consent Decree. Payment shall be made in the form of a single check payable to "California River Watch" and mailed to the Law Office of Jack Silver, 708 Gravenstein Highway North, #407, Sebastopol, CA 95472. Said payment shall constitute full and complete satisfaction of all costs and attorneys' fees incurred by CRW that have been or could have been claimed in connection with this matter up to and including the Effective Date of this Consent Decree, and for CRW's expert's and attorneys' fees and costs for monitoring and enforcing WMACI's compliance with the ongoing obligations under this Consent Decree up to and including the Termination Date.

**MUTUAL RELEASE OF LIABILITY AND COVENANT NOT TO SUE**

16. <u>Parties Waiver and Release.</u> In consideration of the above, upon the Effective Date of this Consent Decree, and except as otherwise provided by this Consent Decree, the Parties hereby and forever fully release each other and their respective officers, directors, agents, representatives, successors, members, and assigns from any and all claims, liabilities, damages, injuries, actions or causes of action, either at law or in equity, that were or could have been raised based on the facts alleged in the 60-day Notice and Complaint up to and including the Termination Date of this Consent Decree. The release provided for herein shall be valid and effective whether the claims, causes of action, or liabilities hereby released (*i*) were known or unknown, suspected, or unsuspected, (*ii*) were based in contract, tort, statute, regulation, or otherwise, or (*iii*) arise at law or in equity. The Parties acknowledge that they are familiar with Section 1542 of the California Civil Code, which provides

as follows:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.

The Parties hereby waive and relinquish any rights or benefits they may have under California Civil Code Section 1542 with respect to any other claims against each other arising from, or related to, the allegations and claims as set forth in the 60-Day Notice Letter and Complaint up to and including the Termination Date of this Consent Decree.

17. <u>Agreement Not to Sue.</u>  As of the Effective Date of this Consent Decree, and for a period of five (5) years after the Effective Date of this Consent Decree, CRW agrees that neither CRW, its officers, executive staff, members of its governing board, nor any organization under the control of CRW, its officers, executive staff, members of its governing board, will file any lawsuit against WMACI seeking relief for alleged violations of the CWA or the Industrial General Permit at the Facility.  CRW further agrees that, beginning on the Effective Date and ending on the Termination Date of this Consent Decree, CRW will not support other lawsuits, or assist in the preparation of CWA notices or claims, by providing financial assistance, personnel time, or other affirmative actions against WMACI that may be proposed by other groups or individuals who would rely upon the citizen suit provision of the CWA to challenge compliance with the CWA or the Industrial General Permit with respect to the Facility.

18. <u>No Admission of Liability.</u>  The Parties enter into this Consent Decree for the purpose of avoiding prolonged and costly litigation. This Consent Decree shall not, for any purpose, be considered as an admission of liability or responsibility by WMACI, nor shall the implementation of BMPs or payment of any sum of money in consideration for the execution of this Consent Decree constitute or be construed as an admission of liability or responsibility by WMACI which expressly denies any such liability, responsibility, or wrongdoing. Defendant maintains and reserves all defenses that may have to any alleged violations that may be raised in the future.

19. <u>Force Majeure.</u>  WMACI shall not be deemed to be in default or breach of this Consent

Decree by reason of any event which constitutes a force majeure. A force majeure event is defined as any event arising from causes beyond the reasonable control of WMACI or its contractors that delays or prevents performance including, without limitation, acts of God, acts of war, acts of terrorism, criminal acts, civil disturbance, vandalism, fire, explosion, extraordinary weather events, restraint by court order or public authority, or other causes beyond WMACI's reasonable control. Neither increased costs nor economic hardship shall constitute a force majeure.

20. <u>Dispute Resolution.</u> This Court shall retain jurisdiction over this matter for the term of this Consent Decree for the purposes of enforcing its terms and conditions, and adjudicating all disputes among the Parties that may arise under the provisions of this Consent Decree. The Court shall have the power to enforce this Consent Decree with all available legal and equitable remedies, including contempt.

21. <u>Meet and Confer.</u> Either party to this Consent Decree may invoke the dispute resolution procedures of this Section 21 by notifying the other party in writing of the matter(s) in dispute and of the disputing party's proposal for resolution. The Parties shall then meet and confer in good faith (either telephonically or in person) within ten (10) days of the date of the notice in an attempt to fully resolve the dispute no later than thirty (30) calendar days from the date of the notice.

22. <u>Settlement Conference.</u> If the Parties cannot resolve the dispute within thirty (30) days of the meet and confer described in paragraph 21, the Parties shall request a settlement referral from the Court. The Court will then refer the matter to a Magistrate Judge for a settlement conference.

23. <u>Motion.</u> In the event that the Parties cannot resolve the dispute within sixty (60) days of the initial settlement meeting or conference with the Magistrate Judge, the Parties agree that the dispute may be submitted for formal resolution by filing a motion before the United States District Court for the Northern District of California. The Parties agree to request an expedited hearing schedule on the motion.

24. <u>Notices.</u> All notices, consents, approvals, requests, demands and other communications (collectively, "Notice") which the Parties are required to, or desire to serve upon or deliver to the other Party shall be in writing and shall be given by electronic mail (preferred) or by certified United States mail, return receipt requested, addressed as set forth below:

|   |   |   |
|---|---|---|
| | If to CRW: | Jack Silver<br>Law Office of Jack Silver<br>708 Gravenstein Highway North, #407<br>Sebastopol, CA 95472<br>Email: lhm28843@sbcglobal.net |
| | If to WMACI: | Waste Management of Alameda County, Inc.<br>Davis Street Transfer Station<br>2615 Davis Street<br>San Leandro, California 94577 |
| | COPY TO: | Theresa A. Dunham<br>Kahn, Soares & Conway, LLP<br>1415 L Street, Suite 400<br>Sacramento, CA 95814-3963<br>Email: : tdunham@kscsacramento.com |
| | COPY TO: | Timothy J. Miller<br>Senior Counsel<br>Environmental, Health and Safety<br>Waste Management of Alameda County, Inc.<br>800 S. Temescal St.<br>Corona, CA 92879<br>Email: Tmille32@wm.com |

25. The foregoing addresses may be changed by Notice given in accordance with this Section. Any Notice sent by certified mail shall be deemed received two (2) days after the date of mailing. Any Notice sent by electronic mail shall be deemed received upon electronic transmission thereof provided sender does not receive electronic notice of non-delivery. If the date of delivery or receipt of any Notice to be given hereunder falls on a weekend or legal holiday, then such date of receipt shall automatically be deemed extended to the next business day immediately following such weekend or holiday for purposes of calculating time periods commencing upon the date of service. In the case of a Force Majeure, the days for which the Force Majeure is in place for any portion of the day shall toll the Notice period(s) under this Agreement.

26. <u>Attorneys' Fees.</u>  Other than the payment to CRW under <u>Section 15,</u> each Party shall bear its own past and future attorneys' fees and costs relating to the subject matter of this Consent Decree.

27. <u>Construction.</u> This Consent Decree shall be construed according to its plain and

ordinary meaning except as to those terms defined in the Industrial General Permit, the Clean Water Act, or specifically herein.

28. <u>No Assignments.</u> Each Party to this Consent Decree represents and warrants that it has not assigned, transferred, hypothecated, or sold to any third person or entity, any of the rights or obligations released by or entered into under this Consent Decree. The Parties agree that the rights and obligations established by this Consent Decree shall not be assigned, and any such assignment by a Party is invalid.

29. <u>Counterparts/Signatures.</u>  This Consent Decree may be executed in multiple counterparts, each of which shall evidence one and the same agreement. The Parties' signatures to this Consent Decree transmitted by electronic mail transmission shall be deemed original and binding.

30. <u>Headings.</u>  The headings used in this Consent Decree are for convenience of reference and shall not be used to define any provision.

31. <u>Full Settlement.</u>  This Consent Decree constitutes the full and final settlement of this matter.

32. <u>Integration Clause.</u>  This is an integrated Consent Decree. This Consent Decree is intended to be a full and complete statement of the terms of the agreement between the Parties and expressly supersedes any and all prior oral or written agreements, covenants, representations, and warranties (express or implied) concerning the subject matter of this Consent Decree.

33. <u>Modification of the Consent Decree.</u>  Unless otherwise agreed to in writing by the Parties, this Consent Decree, and any provisions herein, may not be changed, waived, discharged, or terminated unless by a written instrument, signed by the Parties and approved by the Court. Any request to modify any provision of the Consent Decree, including but not limited to any deadline(s) set forth herein, must be made in writing at least fourteen (14) days before the existing deadline(s) applicable to the provision(s) proposed to be modified.

34. <u>Severability.</u> The invalidity or unenforceability of any provision of this Consent Decree shall in no way affect the validity or enforceability of any other provision.

35. <u>Choice of Law.</u> The laws of the United States shall govern this Consent Decree.

36. <u>Negotiated Settlement.</u>  The Settling Parties have negotiated this Consent Decree, and

agree that it shall not be construed against the party preparing it, but shall be construed as if the Settling Parties jointly prepared this Consent Decree, and any uncertainty and ambiguity shall not be interpreted against any one party.

37. <u>Authority.</u> Each person signing this Consent Decree on behalf of an entity represents and warrants that he or she has actual authority and capacity to execute the Consent Decree on behalf of the entity and to bind it to all of the terms.

38. If or any reason the Department of Justice or the District Court should decline to approve this Consent Decree in the form presented, the Parties shall use their best efforts to work together to modify the Consent Decree within thirty (30) days so that it is acceptable to the Department of Justice or the District Court. If the Parties are unable to modify this Consent Decree in a mutually acceptable manner that is also acceptable to the Department of Justice or the District Court, this Consent Decree shall immediately be null and void as well as inadmissible as a settlement communication under Federal Rule of Evidence 408 and California Evidence Code section 1152.

The Parties hereto enter into this Consent Decree and submit it to the Court for its approval and entry as final judgment.

IN WITNESS WHEREOF, the undersigned have executed this Consent Decree as of the date first set forth below.

APPROVED AS TO CONTENT:

WASTE MANAGEMENT OF ALAMEDA COUNTY, INC.

DATED: 01/06/2025          By: _____
                               (name/title)
                               Alex Oseguera, President

CALIFORNIA RIVER WATCH

DATED: 01/06/2025          By: _____
                               Larry Hanson, Board President

11
[PROPOSED] CONSENT DECREE

APPROVED AS TO FORM:

LAW OFFICE OF JACK SILVER

Dated: Jan 6, 2025

By: _____
Jack Silver
Attorneys for Plaintiff
California River Watch

KAHN, SOARES & CONWAY, LLP

Dated: January 6, 2025

By: _____
Theresa Dunham
Attorneys for Defendant
Waste Management of Alameda County, Inc.

**IT IS SO ORDERED AS MODIFIED.**
**FINAL JUDGMENT**

Upon approval and entry of this Consent Decree by the Court, this Consent Decree shall constitute a final judgment between the Plaintiff and Defendant.

Dated: February 27, 2025

NORTHERN DISTRICT OF CALIFORNIA

_____
KANDIS A. WESTMORE
United States Magistrate Judge